IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ESTATE OF LAWRENCE KAHNG and CLARA KAHNG, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-07-0402 |
| THE CITY OF HOUSTON, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Clara Kahng and the Estate of Lawrence Kahng, bring this action against defendant, the City of Houston, pursuant to 42 U.S.C. § 1983 for the wrongful death of Lawrence Kahng and for the deprivation of Lawrence Kahng's right to equal protection. Pending before the court is Defendant City of Houston's Motion to Dismiss (Docket Entry No. 3) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted, and plaintiffs' request for leave to amend included in Plaintiffs' Response to Defendant's Motion to Dismiss (Docket Entry No. 4). For the reasons explained below the defendant's motion to dismiss will be granted, and the plaintiffs' request to amend will be denied.

**I.   Defendant's Motion to Dismiss**

Defendant argues that plaintiffs' claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to

state a claim for which relief may be granted because plaintiffs have failed to allege facts capable of establishing the deprivation of a right secured by federal law.

**A.    Standard of Review**

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S.Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S.Ct. 1683, 1686 (1974)).  "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Id. at 998.  See also Conley v. Gibson, 78 S.Ct. 99, 102 (1957) ("[A] complaint should not be dismissed . . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

**B.   Analysis**

Plaintiffs' Original Complaint asserts two claims: "Count 1 - Deprivation of rights under [42] U.S.C. § 1983,"[1] and "Count 2 - Wrongful Death,"[2] which is also based on 42 U.S.C. § 1983.  Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating rights conferred elsewhere. Albright v. Oliver, 114 S.Ct. 807, 811 (1994).  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an individual acting under color of law caused the deprivation of a right secured by federal law.  Id. ("The first step in any such claim is to identify the specific constitutional right allegedly infringed.").  Municipal liability lies under § 1983 when a policy or custom of a municipality has caused the violation of an individual's federal rights.  See Monell v. Department of Social Services of City of New York, 98 S.Ct. 2018, 2035-2038 (1978).

    1.   Plaintiffs' Equal Protection Claim

Plaintiffs' equal protection claim is based on allegations that

---

[1] Plaintiffs' Original Complaint, Docket Entry No. 1, p. 1. Although plaintiffs actually cite 29 U.S.C. § 1983, since there is no such statute, it is clear that plaintiffs intended to cite 42 U.S.C. § 1983.  See also Plaintiffs' Response to Defendant's Motion to Dismiss, Docket Entry No. 4, at p. 1 (stating that their claims are asserted under 42 U.S.C. § 1983).

[2] Id. at p. 2.

-3-

> [o]n January 31, 2005, Decedent, Lawrence Kahng, was struck and killed by several vehicles while attempting to cross the I-10 Freeway in Houston, Texas. Mr. Kahng was driving westbound on I-10 when the van he was driving ran out of gas.
>
> Defendant, the City of Houston, had recently begun a "Safe-clear" program whose aim was to clear any stalled vehicles off of Houston freeways in six minutes or less, ostensibly to help traffic flow. The vehicles were to be towed at the owner's expense. The City of Houston received several complaints about the program, particularly from drivers who were awaiting assistance but had their car towed before their help could arrive and ended up paying expensive towing fees as a result.
>
> After his vehicle ran out of gas, Mr. Kahng pulled onto the median of the freeway adjacent to the far left lane. He crossed over to the shoulder of the freeway and then made it to a nearby gas station to fill up a gas can with which he was going to put gas in his van so that he could drive off. After he filled up the gas can, he returned to the shoulder where he saw that a tow truck was preparing to take his van away. He dropped the gas can and hastily attempted to re-cross the freeway, but was struck just as he reached the far left lane. He was thrown back into oncoming traffic, at which time he was run over by several motorists and killed.
>
> Plaintiffs allege that the "Safe-clear" program instituted by the City of Houston deprived Mr. Kahng of his rights of equal protection in that it unduly discriminated against the elderly and disabled. Mr. Kahng was killed as a direct and proximate result of the discriminatory practices of the City of Houston in implementing its "Safe-clear" program.[3]

Defendant argues that plaintiffs' allegations fail to state a claim for which relief may be granted because plaintiffs have not alleged that the city's Safe-Clear policy classifies or distinguishes based upon age and/or disability, that the Safe-Clear

---

[3] Id. at pp. 1-2, ¶¶ 6-9.

-4-

policy is selectively enforced against the elderly and/or the disabled, or that the Safe-Clear policy's unequal enforcement was motivated by a discriminatory purpose.[4]

Plaintiffs respond that they have met the low notice-pleading burden of Rule 8(a)(2). Plaintiffs argue that their

> claim for violation of the equal protection clause is supported by facts stated in paragraph 7 of Plaintiffs' complaint indicating that the City of Houston had received complaints regarding the 'safe-clear' program yet continued with the program regardless. These facts are sufficient to support the allegation that Defendant's program discriminated against elderly and disabled drivers who were not able to obtain gas and return to their vehicle in time to prevent it being towed by the city, and that Defendant and its representatives were aware of this discriminatory practice but did nothing to prevent it and encouraged it to continue.[5]

Plaintiffs' allegations that enforcement of the City of Houston's Safe-Clear policy deprived Mr. Kahng of his right to equal protection invoke protections guaranteed by the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. The Fourteenth Amendment's Equal Protection Clause "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 105

---

[4] Defendant City of Houston's Motion to Dismiss, Docket Entry No. 3, pp. 3-4, ¶¶ 7-8.

[5] Plaintiffs' Response to Defendant's Motion to Dismiss, Docket Entry No. 4, p. 2, ¶ 4.

-5-

S.Ct. 3249, 3254 (1985) (quoting Plyler v. Doe, 102 S.Ct. 2382 (1982)). A city "does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect." Johnson v. Rodriquez, 110 F.3d 299, 306 (5th Cir.), cert. denied, 118 S.Ct. 559 (1997) (quoting Dandridge v. Williams, 90 S.Ct. 1153, 1161 (1970)). "Rather, as long as they do not burden a fundamental right or target a suspect class, . . . [government] 'agencies may pursue legitimate purposes by any means having a conceivable rational relationship to those purposes.'" Id. (quoting Stern v. Tarrant County Hospital District, 778 F.2d 1052, 1054 (5th Cir. 1985) (en banc), cert. denied, 106 S.Ct. 1957 (1986)).

When the challenged law creates no classifications at all, even the deferential "rational basis" scrutiny that is applied to ordinary governmental classifications is not appropriate. Id. "[I]f the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even if irrational—does not deny them equal protection of the laws." Id. (quoting Brennan v. Stewart, 834 F.2d 1248, 1257 (5th Cir. 1988)). Moreover, disparate impact alone cannot suffice to state an equal protection violation because, otherwise, any law could be challenged on equal protection grounds by whomever it has negatively impacted. Id. (citing Washington v. Davis, 96 S.Ct. 2040, 2051-52 (1976)). "Thus, a party who wishes to make out an Equal Protection claim must prove 'the existence of purposeful

discrimination' motivating the . . . [governmental] action which caused the complained-of injury." Id. (quoting McClesky v. Kemp, 107 S.Ct. 1756, 1767 (1987)). "Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." Id. at 307 (quoting Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995)).

Plaintiffs' discrimination claim fails to state a claim cognizable under § 1983 for several reasons. First, no fundamental right was burdened by the city's attempt to tow Lawrence Kahng's abandoned and disabled vehicle from the side of the freeway because Lawrence Kahng had no constitutionally protected right to be free from having his abandoned and disabled vehicle removed from the shoulder of an interstate highway.  Second, plaintiffs fail to allege that the city's Safe-Clear policy created classifications or groupings, that Lawrence Kahng was a member of an identifiable and/or protected class or group, or that the City of Houston acted with purposeful discriminatory intent toward Lawrence Kahng because he was a member of an identifiable and/or protected class or group. Nor have plaintiffs alleged that any complaints the City of Houston received about the Safe-Clear policy placed the city on notice of any discriminatory effect that the Safe-Clear policy had on a particular class or group, e.g., the elderly and/or the disabled.

-7-

Regardless of plaintiffs' allegation that the city's Safe-Clear policy unduly discriminated against the elderly and disabled, because plaintiffs have not alleged that the Safe-Clear policy created classifications between relevant groups or that Lawrence Kahng's vehicle was selected for towing from the side of the freeway because of the adverse impact that towing his abandoned and disabled vehicle from the side of the freeway would have on an identifiable or protected class or group of which he was a member, the action of which plaintiffs complain, even if irrational or malicious, could not have denied Lawrence Kahng equal protection of the laws.  Thus, drawing all inferences from the plaintiffs' allegations in their favor and viewing the pleading in the light most favorable to them, the court concludes that plaintiffs have failed to state a claim for which relief may be granted based on the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution because plaintiffs have failed to allege facts capable of establishing that purposeful discrimination against Lawrence Kahng or against any group (i.e., the elderly or the disabled) of which he was a member motivated the City of Houston's adoption or enforcement of the Safe-Clear policy against Lawrence Kahng's vehicle after he abandoned it on the side of an interstate highway.

2.  <u>Plaintiffs' Wrongful Death Claim</u>

Plaintiffs' wrongful death claim is brought by Clara Kahng "for the wrongful death of her husband which was proximately caused by the Defendant's violation of 42 U.S.C. § 1983."[6]

Defendant argues that plaintiffs' allegations fail to state a claim for which relief may be granted because plaintiffs' wrongful death claim is grounded on their allegations that the City of Houston's Safe-Clear policy violated Lawrence Kahng's right to equal protection of the law guaranteed by the Equal Protection Clause of the United States Constitution without alleging facts capable of proving such a claim.[7]

Citing Texas Civil Practices and Remedies Code § 101.021, plaintiffs argue that they have "alleged facts sufficient to invoke this provision of the Texas Tort Claims Act waiving Defendant's sovereign immunity. Accordingly, Plaintiffs' wrongful death claim should not be dismissed."[8]

Wrongful death recovery under § 1983 has "generated considerable confusion and disagreement." <u>Rhyne v. Henderson County</u>, 973 F.2d 386, 390 (5th Cir. 1992) (quoting <u>Crumpton v.</u>

---

[6]Plaintiffs' Original Complaint, Docket Entry No. 1, p. 2, ¶ 10.

[7]Defendant City of Houston's Motion to Dismiss, Docket Entry No. 3, pp. 4-6, ¶¶ 11-15.

[8]Plaintiffs' Response to Defendant's Motion to Dismiss, Docket Entry No. 4, pp. 2-3, ¶ 5.

-9-

Gates, 947 F.2d 1418, 1420 (9th Cir. 1991)).  The Supreme Court has not yet addressed this issue, and, while the circuits are divided over whether such recovery is appropriate, the Fifth Circuit Court of Appeals has consistently allowed it.  See Rhyne, 973 F.2d at 390-91 (summarizing the line of cases permitting such recovery); Brazier v. Cherry, 293 F.2d 401, 406-07 (5th Cir. 1961) (incorporating both a state's survival statute and its wrongful death statute to provide full remedies for § 1983 violations).

Wrongful death statutes create new causes of action on behalf of the statutorily-designated persons in order to compensate them for the death of the decedent.  See Phillips ex rel. Phillips v. Monroe County, Miss., 311 F.3d 369 (5th Cir. 2002), cert. denied, 123 S.Ct. 2274 (2003) (citing Thames v. Mississippi ex rel. Shoemaker, 117 F.2d 949, 951 (5th Cir.), cert. denied, 62 S.Ct. 63 (1941) (holding that Mississippi's wrongful death statute creates an independent cause of action)).  See also Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996) (explaining that "it is the law of this circuit that individuals who are within the class of people entitled to recover under Texas's wrongful death statute have standing to sue under § 1983 for their own injuries from the deprivation of decedent's constitutional rights").  Texas's wrongful death statute, Texas Civil Practices & Remedies Code § 71.004, recognizes the right of the surviving spouse of the deceased to bring an action for her own benefit.  Baker, 75 F.3d at 195.

Therefore, as the decedent's spouse, Clara Kahng, has standing to sue under § 1983 for her own injuries as a result of the deprivation of the decedent's constitutional rights. See id. See also Rhyne, 973 F.2d at 391.

Nevertheless, a plaintiff seeking to recover on a wrongful death claim under § 1983 must prove both the alleged constitutional deprivation required by § 1983 and the existence of a causal link between the defendant's unconstitutional acts or omissions and the decedent's death. See Phillips ex rel. Phillips v. Monroe County, Miss., 311 F.3d 369 (5th Cir. 2002), cert. denied, 123 S.Ct. 2274 (2003). For the reasons explained above the court has concluded that plaintiffs have failed to allege facts capable of establishing that the City of Houston's adoption or enforcement of its Safe-Clear policy violated the decedent's Fourteenth Amendment right to Equal Protection. Since mere negligence does not give rise to a cognizable constitutional claim under § 1983, see Daniels v. Williams, 106 S.Ct. 662, 666-667 (1986), the court concludes that Clara Kahng's wrongful death claim should be dismissed for failure to state a claim for which relief may be granted because she had not alleged facts capable of establishing that the City of Houston's Safe-Clear policy violated Lawrence Kahng's constitutional rights or that there exists a causal link between the City of Houston's allegedly unconstitutional Safe-Clear policy and Lawrence Kahng's death.

## II.  **Plaintiffs' Request for Leave to Amend**

In the final paragraph of their response to the defendant's motion to dismiss, plaintiffs assert that "in the event that this court grants Defendant's motion to dismiss, Plaintiff[s] request[] leave to amend [their] complaint."[9]  Since the defendant's motion to dismiss was not a responsive pleading, plaintiffs were entitled to amend their complaint as a matter of right when they filed their response to defendant's motion.  See McKinney v. Irving Independent School Dist., 309 F.3d 308, 315 (5th Cir. 2002), cert. denied, 123 S.Ct. 1332 (2003).  Nevertheless, instead of amending their complaint as a matter of right, plaintiffs merely tacked a general curative request to amend to the end of their response in opposition to the defendant's motion to dismiss. Generally, "[w]hen, as in this case, a plaintiff who has a right to amend nevertheless petitions the court for leave to amend, the court should grant the petition."  Id. (quoting Zaidi v. Ehrlich, 732 F.2d 1218, 1220 (5th Cir. 1984)).  Although the plaintiffs were aware of the defendant's objections to their complaint as written because those objections appeared in the defendant's motion to dismiss, plaintiffs failed to amend their complaint as a matter of right, failed to furnish the court with a proposed amended complaint, and failed to alert the court to any additional facts not initially pleaded that could cure the pleading defects raised

---

[9] Id. at p. 3, ¶ 6.

by the defendant.  Id. (citing Spiller v. City of Texas City, Police Dept., 130 F.3d 162, 167 (5th Cir. 1997)).  Under these circumstances the court is not persuaded that plaintiffs should receive another opportunity to plead their claims.  Id. (finding no abuse of discretion in the district court's denial of request for leave to amend where the plaintiffs failed to submit a proposed amended complaint together with a request for leave to amend and failed to alert the court to the substance of any proposed amendment).  Accordingly, plaintiffs' request for leave to amend will be denied.

### III.  Conclusions and Order

For the reasons explained above, the court concludes that plaintiffs' equal protection and wrongful death claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted, and that plaintiffs' request for leave to amend their complaint should be denied.  Accordingly, Defendant's Motion to Dismiss (Docket Entry No. 3) is **GRANTED**, and the request for leave to amend included in Plaintiffs' Response to Defendant's Motion to Dismiss (Docket Entry No. 4) is **DENIED.**

**SIGNED** at Houston, Texas, on this 24th day of April, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE